Pearson, J.
It may be, that questions involving the infringement of patent rights, and proceedings to repeal, and declare such rights void, are within the exclusive jurisdiction, of the circuit court of the United States ; at all events, there are many weighty considerations for so construing the Act of Congress. We do not, however, enter into the subject, because it is not presented by the facts of our case. The allegations of the bill do not require this Court to “adjudicate *127 and pass upon the patent right therein mentioned.” It is alleged that the defendants committed a fraud in making sale' of a patent right to the plaintiffs, by falsely representing, that the patent embraced two inodes of making soap ; whereas, in point of fact, it was confined to one, and certain means and contrivances, by which the fraud was effected, are set out in the bill; (all of which allegations, for the purpose of passing on the plea, are to be taken as true). These allegations make a case of fraud, within the ordinary jurisdiction of a court of equity. If in order to the exercise of this well-known subject of equity jurisdiction, it should become necessary, collaterally, to pass upon the validity of the patent right, we can see no sufficient reason, wherefore, this Court may not do so. But that point, as we have said, is not involved ; for this is purely a case of fraud, in which we are not called on to adjudicate and pass upon the patent right, but are confined to the means and contrivances, by which the alleged fraud was committed. The plea must be overruled, and the defendants required to answer.
Per Curiam, Decree accordingly.